

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. C. Cowdy
County Auditor
Wichita County
Wichita Falls, Texas

Dear Sir:

                            Opinion No. O-1228
                            Re: Sheriff -- jails -- feeding
                                of prisoners -- officers'
                                salary law -- bailiffs

            Your request for an opinion upon the following
questions:

            "1.  In County operating under the offi-
        cers' salary law, who has authority to feed
        and purchase all supplies necessary for the
        maintenance of prisoners?

            "2.  Should the county comply with arti-
        cles 1040 and 1041, Code of Criminal Procedure,
        and the Sheriff report the profits therefrom
        as fees of office and deposit same in the sal-
        ary fund?

            "3.  Who should pay the salaries of bailiffs
        waiting upon courts?"

has been received by this Department.

            Article 5115, Revised Civil Statutes of Texas,
reads as follows:

            "Jails provided.  The Commissioners' Court
        shall provide safe and suitable jails for their
        respective counties, and shall cause the same to
        be kept in good repair.  They shall see that the
        jails of their respective counties are kept in a
        clean and healthy condition, properly ventilated,
        and not over crowded with prisoners, and that they
        are furnished with clean and comfortable mattresses

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

and blankets sufficient for the comfort of the
prisoner, when there is no jail in a county,
the sheriff may rent a suitable house and employ
guards, the expense to be paid by the proper
county."

Article 5116, Revised Civil Statutes of Texas,
reads as follows:

"Each sheriff is the keeper of the jail of
his county. He shall safely keep therein all
prisoners committed thereto by lawful authority,
subject to the order of the proper courts, and
shall be responsible for the safe keeping of
such prisoners. The sheriff may appoint a jail-
er to take care of the jail, and supply the wants
of those therein confined; but in all cases the
sheriff shall exercise a supervision and control
over the jail."

Article 1040, Code of Criminal Procedure of Texas,
reads as follows:

"Allowance to sheriff for prisoners. For
the safe keeping, support and maintenance of pri-
soners confined in jail or under guard, the sher-
iff shall be allowed the following charges:

"1. For the safekeep of each prisoner for
each day the sum of fifteen cents, not to exceed
the sum of two hundred dollars per month.

"2. For support and maintenanne, for each
prisoner for each day such an amount as may be
fixed by the commissioners court, provided the
same shall be reasonably sufficient for such
purpose, and in no event shall it be less than
forty cents per day nor more than seventy-five
cents per day for each prisoner. The net pro-
fits shall constitute fees of office and shall
be accounted for by the sheriff in his annual
report as other fees now provided by law. The
sheriff shall in such report furnish an item-
ized verified account of all expenditures made
by him for feeding and maintenance of prisoners,
accompanying such report with receipts and vouchers
in support of such items of expenditure, and the

difference between such expenditures and the amount allowed by the commissioners court shall be deemed to constitute the net profits for which said officer shall account as fees of office.

"3. For necessary medical bills and reasonable extra compensation for attention to a prisoner during sickness, such an amount as the commissioners court of the county where the prisoner is confined may determine to be just and proper.

"4. For reasonable funeral expenses in case of death."

Article 1041, Code of Criminal Prodedure of Texas, reads as follows:

"Guards and matrons. The sheriff shall be allowed for each guard or matron necessarily employed in the safe-keeping of prisoners Two Dollars and Fifty Cents ($2.50) for each day. No allowance shall be made for the board of such guard or matron, nor shall any allowance be made for jailer or turnkey, except in counties having a population in excess of forty thousand (40,000) inhabitants according to the last preceding or any future Federal Census. In such counties of forty thousand (40,000) or more inhabitants, the Commissioners' Court may allow each jail guard, matron, jailer and turnkey Four Dollars and Fifty cents ($4.50) per day; provided that, in counties having a population in excess of three hundred and fifty-five thousand (355,000) inhabitants, according to the last preceding or any future Federal Census, each jail guard, matron, jailer and turnkey shall be paid not less than One Hundred and Seventy-five ($175.00) Dollars per month."

Article 3912e, Section 3, Revised Civil Statutes of Texas, reads as follows:

"In all cases where the Commissioners' Court shall have determined that the party officers or precinct officers in such counties shall be compensated for their services by the payment of an annual salary, neither the State of Texas or any county shall be charged with or pay to any of the officers so compensated, any fee or commission for the performance of any or all of the duties of

their offices, but such officers shall receive
said salary in lieu of all other fees, commis-
sions and compensations which they would other-
wise be authorized to retain; provided, however,
that the Assessor and Collector of taxes shall
continue to collect and retain for the benefit
of the officers salary fund all funds herein-
after provided for all fees and commissions
which he is authorized under law to collect; and
it shall be his duty to account for and to pay
all such moneys received by him into the funds
created and provided for under the provisions
of this act; provided further, that the provi-
sions of this act shall not affect the payment
of costs in civil cases by the State but all
such costs so paid shall be accounted for by
the officers collecting the same, as they
are required under the provisions of this act
to account for fees, commissions and costs col-
lected from private parties."

Article 1659, Revised Civil Statutes of Texas, reads
as follows:

"Supplies of every kind, road and bridge
material, or any other material, for the use
of said county, or any of its officers, depart-
ments, or institutions must be purchased on
competitive bids, the contracts to be awarded
to the party who, in the judgment of the Com-
missioners' Court, has submitted the lowest
and best bid. The county auditor shall adver-
tise for a period of two weeks in at least one
daily newspaper, published and circulated in
the county, for such supplies and material ac-
cording to specifications, giving in detail what
be needed. Such advertisement shall state where
the specifications are to be found, and shall
give the time and place for receiving such bids.
All such competitive bids shall be kept on file
by the county auditor as a part of the records
of his office, and shall be subject to inspec-
tion by anyone desiring to see them. Copies of
all bids received shall be furnished by the
county auditor to the county judge and to the
Commissioners' Court; and when the bids received
are not satisfactory to the said judge or county
commissioners, the auditor shall reject said
bids and re-advertise for new bids. In cases
of emergency, purchases not in excess of One

Hundred and Fifty Dollars ($150.00) may be made upon requisition to be approved by the Commissioners' Court, without advertising for competitive bids."

This department held on March 4, 1938, in an opinion written by Honorable James M. Neff, Assistant Attorney General, that the sheriff should buy food used in feeding prisoners confined in county jail; that it was the duty of the Commissioners' Court to furnish the county jailer with mattresses and blankets and that such mattresses and blankets should be bought on competitive bids as provided by Article 1659, Revised Civil Statutes of Texas.

This department held on December 3, 1937, in an opinion written by Honorable James N. Neff, Assistant Attorney General, that where a sheriff is compensated on a salary basis the Commissioners' Court is unauthorized to allow a sheriff a specific sum for the boarding of prisoners; that the sheriff was not entitled to fifteen cents per day for safe keeping of prisoners; that the sheriff should be allowed only the actual expenses incurred by him in feeding prisoners in his custody; that it was the duty of the sheriff to provide meals for the prisoners confined in his jail; that the Commissioners' Court was without authority to contract with a third party for feeding prisoners confined in the county jail. We enclose herewith a copy of this opinion.

Opinion No. O-329 of this department holds that the sheriff and not the Commissioners' Court should supervise the purchase of food and feeding of prisoners.

With reference to your first question, you are respectfully advised that it is the opinion of this department that in your county the sheriff has authority to feed and purchase food necessary for the maintenance of prisoners in the county jail. You are further respectfully advised that it is the opinion of this department that in your county the Commissioners' Court would have authority to purchase or authorize the purchase of other supplies necessary for the maintenance of prisoners, under the provisions of Article 1659, Revised Civil Statutes of Texas, supra.

In answer to your second question, you are respectfully advised that it is the opinion of this department that

in your county, your Commissioners' Court would not be authorized to contract with the sheriff as outlined by Article 1040 of the Code of Criminal Procedure and allow him a specified sum for the safekeeping, feeding and maintenance of prisoners. You are further respectfully advised that it is the opinion of this department that in your county the sheriff would only be allowed his actual expenses incurred in the feeding of prisoners, and that if there were any profit in same, then the sheriff should deposit such profit, if any, in the Officers' Salary Fund.

With reference to your third question regarding the compensation of "bailiffs" waiting upon the courts, we respectfully advise you that the only character of "bailiffs" provided for in the Texas statutes are the walking and riding grand jury bailiffs provided for in Article 1058, Code of Criminal Procedure of Texas, and the bailiffs for the Court of Civil Appeals provided for in Article 1058a, Code of Criminal Procedure of Texas.

However, the term "bailiff" is commonly and frequently applied to the sheriff or his deputy who waits upon the District or County Court under Article 3933, Revised Civil Statutes of Texas, and we believe that you have this in mind with reference to your question.

Article 3933, Revised Civil Statutes of Texas, in part, reads as follows:

"For every day the Sheriff or his deputy shall attend the district or county court, he shall receive four dollars a day to be paid by the county for each day that the sheriff by himself or a deputy shall attend said court."

This department held on August 25, 1932, in an opinion addressed to Honorable A. B. Chapman, County Attorney, Dickens, Texas, written by Honorable Scott Gaines, Assistant Attorney General, that warrants issued to sheriff under Article 3933 in attendance on district or county court are payable out of the General Fund and not out of the Jury Fund.

You are respectfully advised that it is the opinion of this department that the fees allowed to sheriffs under Article 3933, for waiting on the district and county courts, in counties where the sheriff is compensated on a fee basis, are payable out of the General Fund of the county.

You are further respectfully advised that in your county, where the sheriff is compensated on a salary basis, the sheriff would not be entitled to any fees from the county for his services in waiting on the district and county courts under Article 3933, because Section 3 of Article 3912e, Revised Civil Statutes of Texas, prohibits same.

Trusting that this satisfactorily answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Wm. J. Fanning
Assistant

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN

WJF:GO

APPROVED AUG 18, 1939

ATTORNEY GENERAL OF TEXAS